UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JAZMINE NUNEZ,**

    **Plaintiff,**

vs.                              **CASE NO:  6:23-CV-02074-CEM-RMN**

**EDC SERVICES GROUP,**

    **Defendant.**

_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT AND DISMISSAL WITH PREJUDICE AND SUPPORTING MEMORANDUM OF LAW**

Plaintiff, JAZMINE NUNEZ ("NUNEZ"), and Defendant, EDC SERVICES GROUP, LLC ("EDC") (together, the "Parties"), by and through their undersigned counsel, move for the entry of an order approving the "Fair Labor Standards Act Settlement Agreement and Release", which is attached as Exhibit "A" (the "FLSA Settlement Agreement"), and for the entry of an order dismissing this case with prejudice.  In support thereof, the Parties state as follows:

1. NUNEZ initiated this action on or about October 27, 2023, by filing a Complaint and Demand for Jury Trial against EDC alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA").  [D.E. 1].  EDC answered the Complaint, and denied NUNEZ'S claims and asserted numerous affirmative defenses, including, without limitation, multiple defenses specific to the FLSA claim.  (D.E. 12).

2. In order to avoid the uncertainties of litigation and the attorneys' fees associated with this type of action, and following Court-ordered settlement discussions, the Parties have resolved the action; however, since the Complaint alleges a claim under the FLSA, the settlement requires approval of the Court. *Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458 (M.D. Fla. 2020); *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 (M.D. Fla. 2009); *Lynn's Food Stores, Inc. v. U.S.*, 679 F. 2d 1350 (11th Cir. 1982). Throughout the entirety of the litigation and the resolution process, both Parties were represented by competent counsel with experience in this area of law.

3. The Parties have agreed to a settlement amount for the FLSA claim. NUNEZ has agreed to the settlement amount because the cost of protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and would without doubt exceed NUNEZ's potential damages.

4. The Parties agree this is a fair and reasonable settlement of a bona fide dispute.

5. The FLSA Settlement Agreement is attached hereto as Exhibit "A" and includes every term and condition of the Parties' settlement of NUNEZ'S FLSA claim. The Parties have agreed that the terms reflected in the FLSA Settlement Agreement are a mutually satisfactory compromise to resolve this dispute and that the consideration for the agreement satisfies NUNEZ'S indebtedness for attorneys' fees and costs. Pursuant to *Dees v Hydradry, Inc.*, 706 F. Supp. 2d 1227,

(M.D. Fla. 2010), the attached FLSA Settlement Agreement does not contain a confidentiality provision or general release.[1]

## MEMORANDUM OF LAW

### A. The Standard of Review

Section 16(b) of the FLSA (29 U.S.C. § 216(c)) permits employees to settle and release FLSA claims against an employer if the parties present the trial court a proposed settlement and the trial court enters an order approving the fairness of the settlement. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Lynn's Food*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Lynn's Food*, 679 F.2d at 1354.

### B. All Relevant Factors Support Approving the Proposed Settlement

In determining whether the settlement is fair and reasonable, the Court considers the following factors:

---

[1] The parties have settled NUNEZ'S other potential claims, in a separately negotiated and executed non-FLSA Settlement Agreement. *See Yost v. Wyndham Vacation Resorts, Inc.*, No. 6:10-CV-1583-ORL-36, 2012 WL 1165598 (M.D. Fla. Mar. 26, 2012) (recommending approval of FLSA settlement agreement where parties had resolved all other employment related claims in a separate non-FLSA agreement), *report and recommendation adopted,* No. 6:10-CV-1583-ORL-36, 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012); *Stevenson v. RBC Bank USA, Inc.,* No. 6:10-CV-1624-ORL-28, 2011 WL 4412155 (M.D. Fla. Aug. 19, 2011), *report and recommendation adopted,* No. 6:10-CV-1624-ORL-28, 2011 WL 4411777 (M.D. Fla. Sept. 22, 2011).

3

 (1) The existence of fraud or collusion behind the settlement;

 (2) The complexity, expense, and likely duration of the litigation;

 (3) The stage of the proceedings and the amount of discovery completed;

 (4) The probability of plaintiff's success on the merits;

 (5) The range of possible recovery; and

 (6) The opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); *Robinson v. Anytime Rentals, Inc.*, 2016 WL 1728745 (M.D. Fla. Apr. 13, 2016), *report and recommendation adopted,* 2016 WL 1704193 (M.D. Fla. Apr. 27, 2016); *Barnes v. Lane Valente Indus., Inc.,* 2016 WL 6122464 (M.D. Fla. Oct. 13, 2016), *report and recommendation adopted,* 2016 WL 6083777 (M.D. Fla. Oct. 18, 2016); *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483 (M.D. Fla. June 24, 2014); *Yost v. Wyndham Vacation Resorts, Inc.*, 2012 WL 1165598 (M.D. Fla. Mar. 26, 2012), *report and recommendation adopted,* 2012 WL 1165468 (M.D. Fla. Apr. 9, 2012).

In reviewing such factors, there is a strong presumption in favor of finding a settlement fair. *Dorismond*, 2014 WL at 2861483, *2*; see also Cotton v. Hinton.* 559 F.2d 1326, 1331 (5th Cir. 1977). All such factors support approving settlement in this case.

 **1.** **There Is No Fraud in this Case**

Courts have found no fraud or collusion where both parties were

represented by counsel and the amount to be paid to the plaintiff seems fair. *See Robinson*, 2016 WL at 1728745, *2 (citing *Helms v. Cent. Fla. Reg'l Hosp.*, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006)). Here, each party is independently represented by counsel. NUNEZ is represented by Attorney T'Keara Watson of The Leach Firm, P.A., and EDC is represented by Paul J. Scheck of Shutts & Bowen, LLP. All counsel involved have extensive experience in litigating FLSA claims.

    **2.**    **The Complexity, Expense, and Length of Litigation Support Early Resolution**

The complexity, expense, and length of litigation heavily weigh in favor of settlement in this case. The cost of protracted litigation, which would be required for the Parties to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high, and likely would exceed NUNEZ's alleged damages in this action. The proposed settlement minimizes such costs, preserving the Parties' and the Court's time and resources. *See Yost v. Wyndham Vacation Resorts, Inc.,* 2012 WL at 1165598, *3, *report and recommendation adopted,* 2012 WL at 1165468.

    **3.**    **The Parties Have Sufficiently Investigated this Case Prior to Engaging in Settlement Discussions**

There has been sufficient investigation, discovery and exchange of information to allow the Parties to undertake a fair and reasonable settlement. The Parties have exchanged documents and interrogatory answers. The information exchanged included, without limitation, information regarding

NUNEZ'S job duties, time records, schedules, work hours, and compensation.

### 4. Probability of Success on the Merits Is in Dispute

The Parties vigorously dispute the merits of NUNEZ'S claims – making protracted litigation inevitable if the proposed settlement is not approved. In particular, NUNEZ has contended that she was not fully compensated for overtime work. EDC disputes this contention based on the nature of NUNEZ's duties and the time required to perform such duties. Based on the foregoing, NUNEZ'S probability of success on the merits and the uncertainty that she would be awarded any amount or what such amount would be, further supports the proposed compromise and shows that this settlement is fair and appropriate. *Yost*, 2012 WL at 1165598, *3.

### 5. The Range of Possible Recovery Supports Approving Settlement

The proposed settlement includes a payment of $3,655.10 for alleged overtime pay and a payment of $3,655.10 for liquidated damages. The Parties have separately negotiated and agreed to settle NUNEZ'S attorney's fees and costs in the amount of $5,589.80, and without regard to the amount to be paid to NUNEZ. It has been EDC's position throughout this lawsuit that based on the hours worked b NUNEZ, any claims to unpaid overtime would be miniscule.

### 6. Counsel for Both Parties Agree the Proposed Settlement Represents a Fair Resolution

Given the facts and circumstances of this case, counsel for both Parties concur that the proposed settlement is a fair and reasonable compromise of

6

NUNEZ's claim. *Yost*, 2012 WL at 1165598, *3.

### C. The Proposed Attorney's Fees Are Fair

The last element the Court should evaluate in determining fairness of the settlement is the reasonableness of the proposed attorney's fees. *See Dorismond*, 2014 WL at 2861483, *2-3*; *Barnes*, 2016 WL at 6122464, *2; *Helms v. Cent. Fla. Reg'l Hosp.*, 2006 WL 3858491 (M.D. Fla. Dec. 26, 2006); *Strong v. BellSouth Telecomms., Inc.*, 137 F.3d 844, 849-50 (5th Cir. 1998). Provided "the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of the fees paid to his attorney, the Court [should] approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel." *Dorismond*, 2014 U.S. Dist. WL at *2 (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)); *Yost*, 2012 WL at 1165598, *3.

In this case, the attorney's fees to be paid as part of the resolution of NUNEZ's claims were agreed upon by the Parties separately and without regard to the amount paid to NUNEZ. Accordingly, because the settlement is reasonable on its face and NUNEZ's recovery was not adversely affected by the amount of the fees paid to her attorney, the Court should approve the settlement.

### D. There Is No Confidentiality Provision in the Proposed Settlement

The FLSA Settlement Agreement does not include a confidentiality

provision. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d at 1242; *Phipps v. W.W. Contractors, Inc.*, 2015 WL 5897705 at *4 (M.D. Fla. Oct. 7, 2015); *Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461 (M.D. Fla. 2020).

There are no "side deals" relating to Plaintiff's claim for overtime compensation pursuant to the FLSA. *Dees*, 706 F. Supp. 2d at 1239-40; *Moravec v. Metro. Tile & Marble, Inc.*, 2020 WL 1083714 (M.D. Fla. Mar. 3, 2020), *report and recommendation adopted,* 2020 WL 1128442 (M.D. Fla. Mar. 6, 2020); *Nance v. Sally Beauty Supply LLC*, 2019 WL 4863128 (M.D. Fla. Sept. 17, 2019), *report and recommendation adopted,* No. 218CV474FTM38NPM, 2019 WL 4861195 (M.D. Fla. Oct. 2, 2019).

## CONCLUSION

**WHEREFORE**, the Parties respectfully request that this Court approve the proposed FLSA Settlement Agreement and dismiss the claim with prejudice.

Dated:  May 15, 2024

| Respectfully submitted, | Respectfully submitted, |
|---|---|
| */s/ T'Keara N. Watson* | */s/ Paul J. Scheck* |
| T'KEARA N. WATSON, ESQ. | PAUL J. SCHECK, ESQ. |
| Florida Bar No.: 1018265 | Florida Bar No.: 028487 |
| E-Mail: twatson@theleachfirm.com | E-Mail: pscheck@shutts.com |
| ANTHONY J. HALL, ESQ. | SHUTTS & BOWEN, LLP |
| Florida Bar No.: 40924 | 300 S. Orange Avenue, Suite 1600 |
| E-Mail: ahall@theleachfirm.com | Orlando, Florida 32801 |
| THE LEACH FIRM, P.A. | Telephone: (407) 835-6767 |
| 1560 N. Orange Avenue, Suite 600 | Facsimile: (407) 425-8316 |
| Winter Park, FL 32789 | *Attorneys for Defendant* |
| Telephone: (407) 574-4999 | |
| Facsimile: (833) 813-7513 | |
| *Attorneys for Plaintiff* | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 15, 2024, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Paul J. Scheck*
Counsel

ORLDOCS 21293225 2